UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES LEE MAYS                                                                     PETITIONER

v.                                                                     CIVIL ACTION NO. 4:20CV-P206-JHM

DAVIESS COUNTY DETENTION CENTER                               RESPONDENT

**MEMORANDUM OPINION**

Petitioner James Lee Mays, an inmate at the Daviess County Detention Center, filed the instant *pro se* petition for writ of habeas corpus on a 28 U.S.C. § 2254 petition form (DN 1). The petition is before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 4, if the petitioner is not entitled to relief, the petition must be summarily dismissed. For the reasons that follow, the Court will construe the habeas petition as being brought under 28 U.S.C. § 2241 and summarily dismiss the petition.

**I.**

In the petition, where the form asks the filer to state the date of the judgment of conviction he is challenging, Petitioner states, "? DO NOT KNOW." Where the form asks for the date of his sentencing, Petitioner refers to his "next court date." Where the form asks the filer to identify all crimes of which he was convicted and sentenced in this case, Petitioner states, "The list of crimes in which I was convicted & sentenced is lengthy and would not have enough space in this section of the form." He refers to a copy of his "verification of incarceration" attached to the petition, but the petition has no attachments. Where the form asks the filer to

state what his plea was, Petitioner states, "I have plead not guilty to 20-F-86, 20-F-474, 20-CR-543."

In addition, where the form asks the filer to provide information concerning his appeal, Petitioner states, "Cases in which I seek relief of are still pending in state circuit court." As Ground One, Petitioner states, "Abuse of process." As the supporting facts, he states, "My demand for assurance was not met." With regard to exhaustion, Petitioner states, "I failed to exhaust my state remedies on Ground One because of my ignorance to the language of law kept me from understanding what was going on in the court room." He also states, "on the cases in which I entered a guilty plea, I did not raise the issues in question because I ignorantly took an alfa plea and did not file a direct appeal."

Moreover, where the form asks the filer to describe other remedies sought, Petitioner states, "I have tried to speak up for myself in video court only to be silenced by intimiditions and threats of contempt (Both being verbal)." In another section of the form asking if all grounds for relief have been presented to the state's highest court, Petitioner states, "The case numbers in question are still pending in circuit court." In the relief section, Petitioner states that he seeks "to have the case numbers at the beginning of his packet exsponged from my criminal history and to be released from custody."

## II.

Upon review of the petition, the Court concludes that Petitioner is challenging his pretrial detention. Section 2254 of title 28 of the United States Code applies only to applicants seeking to attack a state-court judgment pursuant to which they are in state custody. 28 U.S.C. § 2254(a). Pretrial detainees, however, may, in certain circumstances, seek habeas relief under 28 U.S.C. § 2241(c). *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 488, 493 (1973).

A petitioner may bring a § 2241 habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state-court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 U.S. App. LEXIS 29970, at *3 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 U.S. Dist. LEXIS 62306, at *4 (E.D. Mich. July 20, 2009).

Because Petitioner is essentially requesting the Court's review of his pending state charges, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. Additionally, to the extent that Petitioner may want a speedy trial or other resolution of those charges, he must exhaust his claims in the state court. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted

in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

In the instant case, it is evident that Petitioner did not exhaust his claims in state court. He can still present any constitutional claims during the course of his criminal trial, on direct appeal, or, if applicable, through a properly filed state collateral attack, and he can also file a petition for writ of mandamus in the appellate court asking that court to compel the trial court to act. Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies. Moreover, the Court finds no unusual or exceptional circumstances which warrant the Court's involvement in the state-court case without Petitioner first exhausting his state-court remedies.

For these reasons, this habeas action will be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion

4

or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: June 25, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4414.010